*1256 OPINION.
Steenhagen :
1. The estate contends that the amount paid to decedent’s daughter was a deduction in determining the net estate. Section 303 (a) (1) of the Revenue Act of 1924 governs. It permits the deduction of “ claims against the estate * * * to the extent that such claims * * * were incurred or contracted bona fide and for a fair consideration in money or money’s worth * * and the question is whether the amount represents such a claim.
There appears at once the question whether this is a “ claim ” within the contemplation of the Act. If one contracts in life to make a legacy or to permit property to descend by law, is the amount of such legacy or distribution a claim against the estate merely because it was contractually obligatory? Here the decedent agreed to provide a trust fund for his daughter either in life or after death. He failed to do so in life, so his estate became charged with the obligation. Instead of placing the money in trust, the executors paid the entire principal directly to the daughter. It may be doubted, without deciding, whether this was such a claim as was intended by the Act.
But passing that, and assuming that by virtue of the contract there was a claim against the estate, it may only be deducted if “ incurred or contracted bona fide and for a fair consideration in money or money’s worth.” It is not suggested that there was any lack of bona fides, nor is there need to inquire whether the contract was valid or the consideration fair enough to support it. If the consideration *1257 ivas not both fair and in money or money’s worth, the claim is not deductible.
The consideration for the alleged claim was in essence merely a promise to refrain from claiming more. The daughter gave up no money and nothing which could lie called moneys’ worth. Her right to contest any will which her father might make was not the equivalent of cash to her or to any one else. To hold it to be a fair consideration in money’s worth would not only shock the common understanding of ordinary language, but would frustrate the plain purpose of the statutory limitation of the deduction. There is no sense in taxing testamentary transfers and yet permitting the deduction of such sums as are transferred at death pursuant to a contract with a natural beneficiary who has agreed not to contest the will. Such a plan should only be found in clear, impelling language. The transfer is still testamentary and the primary object of the tax, and the tax is not to be reduced by calling it a claim based on an antecedent consideration.
The phrase “fair consideration in money or money’s worth” appears not only in section 303, but several times in section 302, and to construe it broadly enough to cover the daughter’s promise would result in defeating the clear purpose of its use throughout the Act.
2. The petitioner contends that no part of the amount of the insurance policies set forth in the findings is part of the decedent’s gross estate. The argument is in substance the same as that rejected by the Supreme Court in Chase National Bank v. United States, 278 U. S. 327. For all that appears, the policies were subject to decedent’s right until his death to change the beneficiary; and under such circumstances, the amount thereof in excess of $40.000 is by section 302(g) properly included in the gross estate. H. T. Cook et al., Executors, 23 B. T. A. 335.
3. The credit of 25 per cent on account of State inheritance tax will be adjusted.
Reviewed by the Board.

Judgment will be entered under Rule 50.